# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO G. NAVARRO,<br>    Plaintiff,<br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br>    Defendant. | NO. SA CV 16-1272-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Fernando G. Navarro ("Plaintiff") filed a Complaint on July 10, 2016, seeking review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). (Dkt. No. 1.) On August 22, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13.) On October 3, 2017, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No. 32.) Plaintiff seeks an order reversing the Commissioner's decision and remanding for further proceedings. (*See* Joint Stip. at 9-10.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 10.) The Court has taken the matter under submission without oral argument.

1

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On September 7, 2012, Plaintiff, who was born on October 27, 1977, protectively filed an application for a period of disability and DIB.[1] (*See* Administrative Record ("AR") 183-89.) Plaintiff alleged disability commencing January 13, 2011 due to dislocated disks, insomnia, numbness in feet/toes, degenerative disc disease, dislocated disks in his lower back, dislocated disks in his neck, headaches, insomnia, numbness in his feet/toes, numbness in his left hand, and numbness in his knees. (AR 60.) Plaintiff previously worked as a driver (DOT 913.663-018), a cashier II (DOT 211.462-010), a courier (230.663-010), and a light truck driver (DOT 906.683-022). (AR 53.) After the Commissioner denied Plaintiff's applications initially (AR 60) and on reconsideration (*id.* 70), Plaintiff requested a hearing (*see id.* 14). Administrative Law Judge Kyle Andeer ("ALJ") held a hearing on October 23, 2014 (*id.* 38). Plaintiff, who was represented by counsel, testified before the ALJ as did vocational expert ("VE") Allen Eye. (*See* AR 53-58.) On December 18, 2014, the ALJ issued an unfavorable decision, denying Plaintiff's application for a period of disability and DIB. (*Id.* 18-37.) On May 11, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* 1-6.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 13, 2011 through the date last insured of September 30, 2013. (AR 23.) The ALJ further found that Plaintiff had the following severe impairments: cervical disc disease and lumbar disk disease. (*Id.*) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1

---

[1] Plaintiff was thirty-four years old on the application date and thus met the agency's definition of a younger individual. *See* 20 C.F.R. § 416.963(c).

(20 C.F.R. §§ 416.920(d), 416.925, 416.926). (*Id.* 24.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] cannot operate foot controls with the left lower extremity, he can do so occasionally with the right lower extremity; and [Plaintiff] requires that ability to stand up occasionally outside of normal break period to relieve symptoms." [2] (AR 24.)

The ALJ concluded that "[Plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 26.) The ALJ found that Plaintiff received generally conservative care for his musculoskeletal condition. He also concluded that Plaintiff's symptoms had stabilized with treatment to an extent that "enables him to work within the RFC assessed herein." (*Id.*)

The ALJ found that Plaintiff was unable to perform his past relevant work as a driver, cashier, courier, or light truck driver. (AR 30.) However, the ALJ determined that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including the representative occupations of final assembler (DOT 713.687-018) and order clerk, food and beverage (DOT 209.567-014). (*Id.* 31.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the

---

[2] 20 CFR 404.1567(a) provides that "sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

3

record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

//
//
//

# DISCUSSION

The sole issue in dispute is whether the ALJ propounded a complete hypothetical to the vocational expert ("VE"). (Joint Stip. 4.)

## I. The ALJ Provided a Complete Hypothetical to the Vocational Expert.

Plaintiff contends that the ALJ failed to properly set forth all of the limitations from the RFC finding in the hypothetical questions posed to the vocational expert during the hearing. He argues that the ALJ never asked the VE to assume a hypothetical that included the limitation that Plaintiff could "only handle occasional changes in work and must work in a structured environment." (Joint Stip. at 6.) Defendant counters that Plaintiff refers to limitations that were either not part of the RFC finding or adequately explored through the VE's testimony. (*Id.* at 7-9.)

### A. Applicable Law

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). "The testimony of a [VE] is valuable only to the extent that it is supported by medical evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989) (citations omitted). If the hypotheticals are not supported by the record, the VE's testimony "has no evidentiary value." *Id.* Nevertheless, the ALJ may rely on the VE's testimony if it "contain[s] all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**B. The ALJ's Hypotheticals**

During the VE's hearing testimony, the ALJ posed the following hypotheticals to the VE:

> Q. Okay, so, we'll start with that premise, with a stand or walk approximately two hours out of eight, sit approximately six out of eight. Also would be limited and the operation of foot controls would be never with the left and occasional with the right. No ladders, ropes or scaffolds, occasional ramps and stairs, balancing, stopping, crouching, kneeling and crawling. With those limitations would our hypothetical person be able to perform any of this claimant's past work?
> A. No.
>  . . . .
> Q. So would there be other jobs that would be available within the parameters of that hypothetical?
> A. There would be, Your Honor. . . .
> Q. So for purposes of hypothetical two if we had precisely the same hypothetical one butt we wanted to, I said sit six out of eight but I wanted to add in that our hypothetical person would be able to alternate between sitting and standing which maybe you were assuming but to be more specific say every 45 minutes of sitting they'd be able to stand for two to five minutes before resuming sitting and for that matter even, they might have to stand longer then rest. Would that impact the availability of the jobs you identified in the first hypothetical?
> A. No. I think the response would be the same as hypothetical one.
> Q. If our hypothetical person, let's assume is limited to sedentary work which would limit the lifting required so it's possible operations would probably not be necessary but would still have foot control issue and also offer the opportunity to alternate between sitting and standing as time, just recently here. Did I say 30 minutes?

6

|   |   |
|---|---|
| 1 | A. I think you said 45, Your Honor. |
| 2 | Q. After 45 minutes of sitting they would be able to stand for three to five minutes. |
| 3 | Would there be work at the sedentary exertional level, jobs would be available for this |
| 4 | hypothetical person? |
| 5 | A. Well sedentary work generally wouldn't lend itself to a sit, stand option but the |
| 6 | opportunity to take a short break to stand and stretch would be possible. It would vary |
| 7 | depending upon the occupation. |
| 8 | . . . . |
| 9 | Q. All right, so, what if our hypothetical person, we didn't say sit, stand option but like |
| 10 | we said considering morning, afternoon and lunch breaks he needed to stand up once |
| 11 | in a while to relieve symptoms and are there sedentary jobs? |
| 12 | A. There would be sedentary jobs, Your Honor. |

(AR 55-57.) Thus, the record indicates that when positing hypotheticals to the VE, the ALJ did in fact "set out all the limitations and restrictions," (*Embrey*, 849 F.2d at 422) that he used to assess Plaintiff's RFC.

Plaintiff claims that the hypotheticals should have included questioning on whether Plaintiff could "only handle occasional changes in work and must work in a structured environment." (Joint Stip. 6.) However, as a factual matter, the RFC assessment never included this language. In fact, the ALJ never referred to the necessity of a "structured environment" in his assessment. Consequently, the ALJ was not required to explore a "structured environment" limitation in his hypotheticals to the VE.

The ALJ's RFC assessment also never stated that Plaintiff could "only handle occasional changes in work." (Joint Stip. 6.) Nevertheless, the RFC does mention that "[Plaintiff] requires the ability to stand up occasionally outside of normal break periods to

relieve symptoms." (AR 26.) These specific parameters were, contrary to Plaintiff's assertions, set out in the hypotheticals posed to the VE.

During the ALJ's colloquy with Plaintiff, the ALJ described a hypothetical person who is "a younger individual" that "has limited education and [Plaintiff's work history], is able to sit for two hours a day, no [sic] stand or walk for two hours a day, . . . sit for approximately six hours a day, but is able to lift up to 20 pounds occasionally and lift or carry 10 pounds frequently." (AR 54.) The VE stated that "an eroded range of lights jobs . . . would fit into that" description. (AR 54.) As noted above, the ALJ continued to adapt the hypothetical by adding the conditions that the individual could stand or walk approximately two out of eight hours, sit approximately six out of eight hours, be limited in the operation of foot controls, and could not use ladders, ropes, or scaffolds, but occasionally balance, stoop, crouch, kneel, and crawl. The VE concluded that said individual could not perform Plaintiff's past work. However, the individual could perform other work, including as a cashier II (211.462-010) or an assembler of small products (706.684-022). (AR 54-55.)

The ALJ then posed a second hypothetical, which took into account the limitation that Plaintiff must "stand up occasionally outside of normal break periods to relieve symptoms." (AR 26.) In particular, the ALJ added the limitations that the hypothetical individual must be able to alternate between sitting and standing, "say after every forty-five minutes of sitting they'd be able to stand for two to five minutes before resuming sitting and for that matter even, they may have to stand longer then rest." (AR 56.) The VE concluded that those factors would not impact the availability of the jobs identified in the first hypothetical. (*Id.*)

The ALJ further adapted the hypothetical to address the RFC limitation. The ALJ asked about the potential for sedentary work, where, after forty-five minutes of sitting, the individual could stand for three to five minutes. (AR 56.) The VE responded, "[T]he option

8

to take a short break to stand and stretch would be possible," but that work would be classified as light instead of sedentary, because it may require occasional standing. (AR 57.) Nevertheless, the hypothetical person could work a sedentary job, where, "considering morning, afternoon, and lunch breaks, he needed to stand up once in a while to relieve symptoms." (AR 57.)

The ALJ then asked about the job base if the same hypothetical person is "distracted by pain to the point that they could stay on task for a maximum of 75 percent of the work day," might miss one day of the work week, or might not be able to focus for more than eight percent of the day. (AR 58.) The VE responded, "It would completely erode the job base." (*Id.*)

The record evidence indicates that the hypotheticals posed by the ALJ fully addressed the requirement that Plaintiff stand occasionally outside of normal break periods to relieve symptoms. The hypotheticals accurately tracked the RFC assessment that the ALJ used to determine what employment Plaintiff could pursue. In sum, the ALJ's hypotheticals were "accurate, detailed, and supported by the medical record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001). Accordingly, the ALJ's decision is without legal error and the Commissioner's decision is affirmed.

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: October 30, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE